RECREATIONAL VEHICLES
If a recreational vehicle meets the statutory definition of "truck" and the recreational house trailer is so designed that it comes within the statutory definition of "semitrailer" then such a combination may tow one complete "trailer" or "semitrailer" as contained in 47 O.S. 14-103 [47-14-103](D)(4) (1971). The Attorney General's office is in receipt of your opinion request wherein you asked the following question: "As a matter of law, assuming that the recreational vehicle meets the statutory definition of a truck, and the recreational house trailer so designed that it comes within the statutory definition of semitrailer, may such a combination tow one complete trailer under the provisions of Title 47 O.S. 14-103 [47-14-103](D)(4)?" Title 47 O.S. 14-103 [47-14-103](D)(4) (1971) as amended, provides in pertinent part: "4. No combination of vehicles shall consist of more than two (2) units, except that one (1) truck and semitrailer or truck tractor semitrailer combination may tow one (1) complete trailer or semitrailer . . ." Title 47 O.S. 1-101 [47-1-101] through 47 O.S. 1-186 [47-1-186] (1971) sets forth the definitions applicable to the motor vehicle laws in this State. Applicable to the question herein presented are the following definitions: "Section 1-123. House Trailer. — (a) A trailer or semitrailer which is designed, constructed and equipped as a dwelling place, living abode or sleeping place, either permanently or temporarily, and is equipped for use as a conveyance on streets and highways, or "(b) A trailer or semitrailer whose chasis and exterior shall if designed and constructed for use as a house trailer, as defined in Paragraph (a), but which is used instead permanently or temporarily for the advertising, sales, display or promotion of merchandise or services, or for any other commercial purpose except for the transportation of property for hire or the transportation of property for distribution by a private carrier. "Section 1-162. Semitrailer. — Every vehicle with or without motor power, other than a pull trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that some part of its weight and that of its load rests upon or is carried by another vehicle. "Section 1-180. Trailer. — Every vehicle with or without motor power, other than a pull trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle, provided however, the definition of trailer herein shall not include implements of husbandry as defined in Section 1125 of this Chapter. "Section 1-182. Truck. — Every motor vehicle designed, used, or maintained primarily for transportation of property. "Section 1-183. Truck tractor. — Every motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn. "Section 1-186. Vehicle. — Every device in, upon or which any person or property is or may be transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks, provided however the definition of `vehicle' as used in this Act shall not include implements of husbandry as defined in Section 1-125 of this Chapter." Applying the plain meaning rule of McVicker v. Board of County Commissioners of Caddo County, 442 P.2d 297 (1968), wherein the Court stated: "All courts recognize that if the wording of a provision of a statute or constitution is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretive devices to fabricate a different meaning." It is clear from the above quoted sections of 47 O.S. 1-101 [47-1-101] through 47 O.S. 1-186 [47-1-186] (1971), that if a recreational vehicle, as posed in your question, meets the statutory definition of "truck" or "truck tractor" as contained in Sections 47 O.S. 1-182 [47-1-182] and 47 O.S. 1-183 [47-1-183] respectively and the recreational house trailer is so designed that it comes within the statutory definition therein defined recognizing it as a trailer or semitrailer, then such a combination may tow one complete trailer as defined in Section 47 O.S. 1-180 [47-1-180] or semitrailer as contained in Section 47 O.S. 1-162 [47-1-162]. Of additional import is Section 47 O.S. 14-103 [47-14-103](A) of Title 47, which section states in part: "Mobile home and industrialized housing combinations — Overall length and width — Limitation on movements. — A. No combination of and motor vehicle, mobile home or industrialized housing, or frame for either thereof, shall have an overall length, inclusive of front and rear bumpers, in excess of sixty five (65) feet, nor a width in excess of fourteen (14) feet. Such combination exceeding sixty-five (65) feet in length or eight (8) feet in width must comply with Title 47, Section 14-115. Provided, however, that the Commissioner of Public Safety shall, upon proper application issue a special permit to such person allowing the movement of any such combination not exceeding fourteen (14) feet in width. Such permit shall specify the highways to be used. If any mobile home, house trailer or industrialized housing, or frame for either thereof, and the towing unit exceeds fifty-five (55) feet in overall length, or eight (8) feet in width they shall be moved only during daylight hours not including Saturdays after 12:00 o'clock noon, Sundays and the seven legal holidays, and the towing vehicle must be at least three-fourths (3/4) ton rated capacity with dual wheels. "B. For the purposes of this act, 'industrialized housing' means any structure, or component thereof, designed primarily for residential occupancy which is wholly or in substantial part made, fabricated, formed, or assembled in manufacturing facilities for installation, or assembly and installation, on the building site." (Emphasis supplied) It is, therefore, the opinion of the Attorney General that your question should be answered in the affirmative in that if a recreational vehicle meets the statutory definition of "truck" and the recreational house trailer is so designed that it comes within the statutory definition of "semitrailer" then such a combination may tow one complete "trailer" or "semitrailer" as contained in 47 O.S. 14-103 [47-14-103](D)(4) (1971). (Donald B. Nevard)